IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIC VAUGHN GOODMONEY,

    Plaintiff,

v.                                                                                                                                      No. 23-cv-0928-MV-JMR

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on the Motion to Dismiss filed by Defendant Board of County Commissioners for Bernalillo County (the "Board"). *See* Doc. 4 (the "Motion"). The Board seeks dismissal of Plaintiff's Prisoner Civil Complaint on the ground that it fails to state a cognizable claim. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but permit Plaintiff to amend his claims.

**BACKGROUND**

    This case stems from Plaintiff's state criminal prosecution and his conditions of confinement at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. The Prisoner Civil Complaint consists of one page. *See* Doc. 1-1 (the "Complaint"). Plaintiff alleges that he did not receive a hearing for his initial appearance upon his arrest. *Id.* at 1. The state court also allegedly ordered him to remain in pretrial custody without a bond. *Id.* Plaintiff contends that he has been locked down almost every day due to staff shortages and that there are no lighted exit signs or escape routes posted pursuant to the fire code. *Id.* Plaintiff submitted grievances on

these issues but has not obtained internal relief. *Id.*

The caption of the Complaint lists the Board as the Defendant. *See* Doc. 1-1 at 1. The body of the Complaint also states that "Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, Warden Richardson, [and] Warden Jones are named …." *Id.* The Complaint raises claims for cruel and unusual punishment, false imprisonment, malicious prosecution, and abuse of process under the U.S. Constitution. *Id.* Plaintiff seeks damages equal to $1,700 per day of incarceration. *Id.*

Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *See* Doc. 1-1 at 1. On October 20, 2023, the Board removed the case based on federal-question jurisdiction and filed the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Docs. 1, 4. Plaintiff has not filed a response to the Motion. The matter is therefore ready for review.

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Section 1915A of Title 28 also requires the Court to *sua sponte* dismiss any prison complaint against a government official if the complaint is frivolous, malicious, or fails to state a cognizable claim under Rule 12(b)(b). *See* 28 U.S.C. § 1915A. These rules and statutes test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). As *Iqbal* explained:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if the initial complaint fails to state a claim, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). "A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual

actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. "Collective allegations" regarding the alleged wrongdoing will not meet the pleading standard. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). A successful § 1983 complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.*

Applying these standards, the Complaint fails to state a cognizable claim against any Defendant. As to the individuals named in body of the pleading (Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, Warden Richardson, and Warden Jones), the Complaint does not specify who each of these individuals is or how they are connected to any alleged wrongdoing. The Complaint also fails to establish that the Board is liable under § 1983. It appears that Plaintiff seeks to hold the Board accountable based on a vicarious liability, or respondeat superior, theory. "Although a municipality is a 'person' subject to suit under § 1983 for constitutional violations, it 'cannot be held liable solely because it employs a tortfeasor.'" *Whitson v. Bd. of Cnty. Comm'rs of Cnty. of Sedgwick*, 106 F.4th 1063, 1066 (10th Cir. 2024) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "[A] municipality is responsible only for (1) actions taken by subordinate employees in conformity with preexisting official policies or customs and (2) actions taken by final policymakers, whose conduct 'can be no less described as the official policy of a municipality.'" *Whitson*, 106 F.4th at 1066 (quoting *Seifert v. Unified Gov't of Wyandotte Cnty./Kansas City*, 779 F.3d 1141, 1159 (10th Cir. 2015)). There are no facts that, if proven, would establish that the Board promulgated a policy or custom that caused any constitutional violations.

For these reasons, the Complaint fails to state a cognizable claim against any Defendant under 42 U.S.C. § 1983.  The Court will grant the Board's Motion, in part, and dismiss the Complaint.  However, leave to amend will be granted since *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law.  *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall*, 935 F.2d at 1110.  Plaintiff may file an amended complaint within seventy-five (75) days of receipt of this ruling.  By the same deadline, Plaintiff shall confirm his address (either in the amendment or in a separate notice).  The Board recently indicated that Plaintiff's copy of the Notice of Briefing Complete (Doc. 5) was returned.  *See* Doc. 6.  If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss any federal claims with or without prejudice.

In drafting the amendment, Plaintiff is reminded that he must describe how each Defendant is connected to the wrongdoing.  As noted above, the amendment must also allege facts demonstrating that each municipal or supervisory Defendant enacted a policy/custom that caused the constitutional violation.  Plaintiff is further advised that with respect to cruel and unusual punishment, the test "involves both an objective and a subjective component." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).  First, Plaintiff must show "objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.*  A § 1983 plaintiff can satisfy the objective component by showing prison conditions threaten his safety or "lead to deprivations of essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981).  Lockdown conditions can meet the objective element under certain circumstances, but Plaintiff should include details regarding the frequency of the lockdowns, the amount of exercise per day, and any overcrowding/sanitation/health issues that arise based on the lockdown.  *See, e.g., Ajaj v. United*

*States,* 293 F. App'x 575, 582–84 (10th Cir. 2008) (evaluating objective prong by considering hours per days, availability of exercise, and telephone access); *Silverstein v. Fed. Bureau of Prisons*, 559 Fe. App'x 739, 755 (10th Cir. 2014) (evaluating the number of non-lockdown hours per week).

To satisfy the subjective prong of the cruel and unusual punishment test, the amendment must present facts regarding each "prison official's culpable state of mind." *Mata*, 427 F.3d at 751. The subjective component is met if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996). A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie,* 461 F.3d 1269, 1293 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847).

Plaintiff is finally advised that it may be difficult to obtain damages under 42 U.S.C. § 1983 for false imprisonment, malicious prosecution, or abuse of process under the circumstances of this case. False imprisonment occurs when a defendant is "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). It appears that Plaintiff is in pretrial custody pursuant to a state court detention order, but he may clarify that information in

the amended complaint.  As to malicious prosecution, the amendment must show: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023).  Similarly, to demonstrate abuse of process, the amendment must demonstrate that Defendants engaged in conduct that "would be improper in the regular prosecution … of a claim." *See Mocek v. City of Albuquerque,* 813 F.3d 912, 936 (10th Cir. 2015).

If Plaintiff believes that he cannot meet the elements of false imprisonment, malicious prosecution, or abuse of process under § 1983, he may instead file a petition challenging his pretrial custody under 28 U.S.C. § 2241.  *See Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007) (Section 2241 "is the proper avenue by which to challenge pretrial detention.").  A § 2241 habeas petition is the best option if Plaintiff primarily seeks a release from custody, since the Court cannot order the release of an inmate in a civil rights action under 42 U.S.C. § 1983.  *See Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

**IT IS ORDERED** that Defendant Board of County Commissioners for Bernalillo County's Motion to Dismiss (**Doc. 4**) is **GRANTED, in part**; Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that within seventy-five (75) of receipt of this ruling, Plaintiff shall file an amended complaint and confirm his address in writing.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE