IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIC VAUGHN GOODMONEY,

    Plaintiff,

v.                                                                                                              No. 23-cv-0928-MV-JMR

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY, *et al*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court following Plaintiff Dominic Vaughn Goodmoney's failure to amend his prisoner civil rights claims as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. The original Complaint (Doc. 1-1) alleges that the state court failed to conduct a timely hearing following Plaintiff's arrest and detained him pending trial. It further alleges that Plaintiff was subject to excessive lockdowns due to staff shortages. *See* Doc. 1-1 at 1. The original Complaint seeks money damages for cruel and unusual punishment, false imprisonment, malicious prosecution, and abuse of process under the United States Constitution. *Id.* The caption lists the Board of County Commissioners for Bernalillo County ("the Board") as the Defendant. *Id.* The body of the original Complaint also states that "Raul Torres, Sam Bregman, Benet Baur, Katrina Wilson, Chief Judge Whitaker, Warden Richardson, [and] Warden Jones are named …." *Id.*

    The Board filed a Motion to Dismiss the original Complaint for failure to state a cognizable claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. 4. By a ruling entered August 20, 2024, the Court granted the Board's Motion in part, and determined that the original

Complaint fails to state a cognizable 42 U.S.C. § 1983 claim against any Defendant. *See* Doc. 7 ("Screening Ruling"); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials). Specifically, the original Complaint fails to connect any individual Defendant to the alleged wrongdoing. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("Collective allegations" against a group of defendants will not satisfy the § 1983 pleading standard). The Screening Ruling further explains that the original Complaint fails to demonstrate that the Board is responsible for a policy/custom that caused a constitutional violation. *See Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (A § 1983 claim against the county board must "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged.").

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his claims within seventy-five (75) days. The Screening Ruling set out the applicable pleading standards for Plaintiff's substantive claims. The Court also directed Plaintiff to confirm his current address by the same deadline, as counsel for the Board indicated that Plaintiff may have been released. *See* Doc. 6. The Screening Ruling warned that if Plaintiff failed to timely comply, the Court might dismiss this case without further notice. The deadline for Plaintiff to file an amended complaint and confirm his address expired no later than November 4, 2024. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Order, which was returned as undeliverable. *See* Doc. 8.

Ordinarily, courts dismiss with prejudice where the prior complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where

the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it appears that Plaintiff did not receive the Screening Order after severing contact with the Court. The Court will therefore dismiss this case, including all claims raised in the original Complaint (Doc. 1-1), *without prejudice* under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to amend and update his address, as directed. Such dismissal does not count as a strike under 28 U.S.C. § 1915(g); this case was removed, and Plaintiff is not proceeding *in forma pauperis*. *See Woodson v. McCollum*, 875 F.3d 1304 (10th Cir. 2017) (the "three-strikes rule" does not apply in a removed case).

**IT IS ORDERED** that this case, including each claim in Plaintiff Dominic Vaughn Goodmoney's original Prisoner Civil Complaint (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE